UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB dba CHRISTIANA TRUSTEE VENTURES TRUST-2016 I-H-R,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FLAHERTY and BRENDA FLAHERTY,<br><br>Defendants. | Case No. 2:17-cv-02007-RFB-NJK<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court are Wilmington Savings Fund Society FSB dba Christiana Trustee Ventures Trust-2016 I-H-R's motions for default judgment against John Flaherty and against Brenda Flaherty. ECF Nos. 21, 22.

### II. PROCEDURAL BACKGROUND

Ventures Trust 2013-I-H-R by MCM Capital Partners LLC sued the Flahertys on July 24, 2017. ECF No. 1. The two defendants were served on November 13, 2017. ECF Nos. 10, 11. After the defendants failed to appear, the Clerk of the Court entered default against the Flahertys on December 28, 2017. ECF No. 14. Wilmington was substituted as the plaintiff for Ventures Trust. ECF Nos. 18, 19. Wilmington now moves for default judgment against the Flahertys. ECF Nos. 21, 22. No responses have been filed, and neither of the Flahertys have appeared. See docket.

### III. ALLEGED FACTS

Through the complaint, Wilmington seeks declaratory relief and to quiet title to the

property at 10280 Gilmore Canyon Court, Unit 203, Las Vegas, Nevada 89129. The property was purchased by David and Nancy Grauer in August 2005. The Grauer's financed the purchase by obtaining a loan that was secured by a deed of trust. Wilmington foreclosed on the deed of trust on August 17, 2006. The resulting trustee's deed conveyed title to Wilmington for a bid of $92,000.

Nine years later, the homeowners' association, which governs the community in which the property sits, initiated the foreclosure process on the property for delinquent homeowners' assessment fees. But Wilmington tendered $7,706.29 to extinguish the association's superprioritiy lien. Wilmington then caused a notice of payment of superpriority lien to be recorded on February 26, 2015. The association sold the property on May 1, 2015 to the Flaherty's for $41,000. On August 17, 2016, the Plaintiff foreclosed on its deed of trust.

Wilmington seeks a declaration that the Flaherty's have no right, title, claim, or interest to the property despite the association's foreclosure sale due to the superpriority portion of the association's lien being satisfied prior to the foreclosure sale.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.      DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against the Flaherty's is warranted. The first and sixth factors granting default judgment because the Flaherty's have failed to appear in this matter, prejudicing Wilmington from obtaining the clarification on the ownership of the property. Likewise, the failure to appear for nearly two years suggests that the Flaherty's could not demonstrate excusable neglect if either were to appear now.

The second, third, and seventh factors also counsel in favor of granting default judgment. NRS Chapter 116 entitles a homeowners' association to a superpriority lien for nine-months of unpaid association fees. SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). The Court finds based upon the undisputed allegations, however, that a valid tender occurred which extinguished the superpriority portion of the HOA lien prior to the foreclosure sale by the HOA. See Bank of America v. SFR Investments Pool 1, LLC, 427 P.3d 113, 121 (Nev. 2018). The Court therefore finds that the Flaherty's obtained title at the foreclosure sale subject to the senior deed of trust. Id.; see also HSBC Bank USA, Nat'l Ass'n as Tr. for Deutsche Alt-A Sec. Inc. Mortg. Loan Tr. v. Underwood Partners, LLC, No. 2:17-cv-00461-RFB-PAL (D. Nev. April 25, 2019) (order granting reconsideration on issue of tender). Subsequent to the HOA foreclosure sale, the Plaintiff foreclosed on the deed of trust in August of 2016. The Flaherty's have not contested this latter foreclosure or asserted any remaining cognizable interest in the property after this foreclosure on the deed of trust. The Court therefore finds that foreclosure sale on the deed of trust by Plaintiff resulted in Plaintiff obtaining clear title to the property and that the Flaherty's no longer have any interest or rights in the property.

**VI. CONCLUSION**

**IT IS ORDERED** that the Plaintiff's motion for default judgment (ECF No. 21) and motion for default judgment (ECF No. 22) are GRANTED. The Clerk of Court is instructed to enter judgment accordingly and close this case.

**IT IS FURTHER DECLARED** that the Plaintiff has clear title to the property located at 10280 Gilmore Canyon Court, Unit 203, Las Vegas, Nevada 89129 and that the Defendants, John Flaherty and Brenda Flaherty, have no interest or rights in this property.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**